IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DORIS THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-13-1223-R |
| | ) | |
| CAROLYN W. COLVIN, acting | ) | |
| Commissioner Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Doris Thompson (Plaintiff) invokes this Court's jurisdiction under the Social Security Act to obtain judicial review of the Defendant Acting Commissioner's (Commissioner) final decision denying Plaintiff's applications for disability insurance and supplemental security income benefits. *See* 42 U.S.C. § 405(g). United States District Judge David L. Russell has referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (b)(3) and Fed. R. Civ. P. 72(b). After carefully reviewing the pleadings, the administrative record (AR), and the parties' briefs, the undersigned recommends the Commissioner's decision be reversed and the matter remanded for further proceedings.

**I.  Determination of disability.**

The Social Security Act defines "disability" as the "inability to engage in

any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(b)-(f), 416.920(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing five steps). Under this sequential procedure, Plaintiff bears the initial burden of proving she has one or more severe impairments. *See* 20 C.F.R. §§ 404.1512, 416.912; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). Then, if Plaintiff shows she can no longer engage in prior work activity, the burden of proof shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *See Turner*, 754 F.2d at 328; *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984).

**II.    Claimed error.**

Plaintiff's initial contention is that the ALJ failed to conduct a proper analysis of certain medical source opinions in assessing Plaintiff's residual functional capacity for light work. Doc. 14, at 12-17. The undersigned agrees and declines to address Plaintiff's remaining claims of error at step five. *See Watkins v. Barnhart*, 350 F. 3d 1297, 1299 (10th Cir. 2003) ("We will not reach

2

the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

## III. Analysis.

### A. Standard of review.

The court reviews the Commissioner's final "decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010).

### B. The ALJ failed to properly consider medical source opinion evidence.

The ALJ "assign[ed] little weight" to the findings of Larry Ruffin, D.O., who opined, in part, that Plaintiff could occasionally lift and carry only ten pounds and frequently lift and carry only five pounds. AR 20, 352. The ALJ reasoned that "the findings of Dr. Ruffin are inconsistent with the credible evidence of record." *Id.* at 20. But Plaintiff complains that other medical evidence in the record supports Dr. Ruffin's opinions, including evidence the ALJ failed to address, the medical source opinion statement provided by Dinelle Pineda, M.D. Doc. 14, at 15-16; AR 403-05. This is significant because the lifting limitations imposed by both Drs. Ruffin and Pineda directly conflict with the ALJ's assessment that Plaintiff retains the ability to perform light work. AR

3

18.[1]

An ALJ is required to evaluate every medical opinion of record. *Doyal v. Barnhart*, 331 F.3d 758, 764 (10th Cir. 2003). *See also* 20 C.F.R. §§ 404.1527(c) ("Regardless of its source, we will evaluate every medical opinion we receive."), 416.927(c) (same). Here, the ALJ failed to comply with that directive with regard to the opinions of Dr. Pineda, opinions given after a physical examination of the Plaintiff at the behest of the Department of Social and Health Services of the State of Washington. AR 394-97, 403-05.

Under these circumstances, the court can only conclude that the ALJ simply overlooked Dr. Pineda's opinions – along with the doctor's finding on examination of Plaintiff's "extremely limited range of motion of neck and tenderness along the spine," *id.* at 396, 405[2] – and focused only on the results of the MRI spinal studies, both lumbar and cervical, ordered by Dr. Pineda . *Id.*

---

[1] By agency regulation,

> [l]ight work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm and leg controls.

20 C.F.R. §§ 404.1567(b), 416.967(b).

[2] In contrast, the ALJ found the record showed a normal range of motion except for "some" decreased cervical range of motion. AR 20.

at 20, 396, 398-99. And, even there, the ALJ ignored the interpreting physician's finding of Plaintiff's *severe* foraminal stenosis at left C5-6. *Id.* at 20, 399.

Accordingly, a remand is required in order for an adjudicator to consider whether Dr. Ruffin's findings are, in fact, supported by "credible evidence of record" – evidence that includes Dr. Pineda's opinions and *all* MRI interpretations. *Id.* at 20.[3] Should Dr. Ruffin's findings – for example, his findings as to Plaintiff's reaching difficulties, *id.* at 353 – be accorded greater weight in light of this evidence, it appears that all five jobs identified by the vocational expert and relied on by the ALJ at steps four and five could well be eliminated as each requires frequent reaching. *Id.* at 22, 23, 40, 43; *see* DICOT 203.582-054, 1991 WL 671700; DICOT 209.562-010, 1991 WL 671792; DICOT 309.677-010, 1991 WL 672667; DICOT 209.687-022, 1991 WL 671812; DICOT 245.587-010, 1991 WL 672276.[4]

**IV. Recommendation and notice of right to object.**

For the reasons stated, the undersigned Magistrate Judge recommends the Commissioner's decision be reversed and the matter remanded for further

---

[3] The adjudicator will also have the opportunity to *determine* "the extent of the treatment relationship between Dr. Ruffin and the claimant." AR 20.

[4] Thus, the ALJ's failures are not harmless.

proceedings.

The undersigned advises the parties of their right to object to this Report and Recommendation by November 12, 2014, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 23rd day of October, 2014.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE